IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PRUDENTIAL LOCATIONS LLC, | ) | CIV. NO. 09-00128 SOM/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING PLAINTIFF'S |
| vs. | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | AND GRANTING DEFENDANT'S |
| UNITED STATES DEPARTMENT OF | ) | COUNTER MOTION FOR SUMMARY |
| HOUSING AND URBAN | ) | JUDGMENT |
| DEVELOPMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S COUNTER MOTION FOR SUMMARY JUDGMENT

I.     INTRODUCTION.

Plaintiff Prudential Locations LLC ("Prudential") brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to compel production of information redacted from two documents produced by Defendant United States Department of Housing and Urban Development ("HUD") regarding investigations into potential violations of the Real Estate Settlement Practices Act ("RESPA").  HUD claims it is entitled to withhold the information under FOIA's privacy exemption, which protects personal information contained in government files.  Prudential has moved for summary judgment, and HUD has filed a counter motion for summary judgment.  All material facts are undisputed. For the following reasons, Prudential's motion for summary judgment is DENIED, and HUD's motion for summary judgment is GRANTED.

II.     SUMMARY JUDGMENT.

Summary judgment shall be granted when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006); Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005).  One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  Accordingly, "[o]nly admissible evidence may be considered in deciding a motion for summary judgment."  Miller, 454 F.3d at 988.

Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See id. at 323.  A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment.  Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors

2

Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323); accord Miller, 454 F.3d at 987.  "A fact is material if it could affect the outcome of the suit under the governing substantive law."  Miller, 454 F.3d at 987.

The parties agree that no material facts are in dispute.  Both Prudential and HUD have filed motions for summary judgment, and each claims that it is entitled to judgment as a matter of law.

III.     BACKGROUND FACTS.

In 2003, HUD initiated an investigation of Prudential for alleged RESPA violations.  On June 18, 2008, Prudential requested all complaints, inquiries, and correspondence from HUD regarding the investigations.  On March 16, 2009, after receiving payment for retrieval and duplication of materials, HUD provided approximately 400 pages of documents in response to Prudential's request.  Prudential says that only two of these documents were relevant: an email and a letter alleging violations by Prudential.  The two documents at issue contained redactions. HUD describes the redacted portions as containing the names, addresses, and identifying information of two citizens who had lodged complaints against Prudential and a Prudential agent, and it cites the privacy exemption of FOIA to justify its decision to withhold the information.

Prudential asked HUD to reconsider its decision to redact the information, and HUD denied this appeal on April 15, 2009.  HUD noted that the author of the email had requested anonymity, and the author of the letter had not affirmatively authorized release of his name.  HUD says that its practice in RESPA investigations is to protect the identity of persons supplying information to prevent retaliation and avoid a chilling effect on potential informants.  Prudential insists that the identity of the individuals who instigated the RESPA investigations should be exposed, so that the public may know who is influencing government action.  Prudential further alleges that the authors of the correspondence acted out of malice or competitive self-interest, as shown by statements in the correspondence that Prudential describes as "incorrect, incomplete, and grossly misleading."  Prudential mentions the possibility of a civil lawsuit against the unidentified individuals for their "sham" complaints.

IV.     ANALYSIS.

    A.     FOIA's Purpose.

This action arises under FOIA, 5 U.S.C. § 552, which mandates the production of government agency materials requested by members of the public.  Congress intended the public to use FOIA "to ensure an informed citizenry . . . needed to check against corruption and to hold the governors accountable to the

governed." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978).  The Court has elaborated that FOIA is intended "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Dep't of the Air Force v. Rose, 425 U.S. 352, 382 (1976) (citations omitted).

As a result, FOIA reflects "a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." Id. at 360-361 (internal quotation marks omitted).  "An agency may deny disclosure of its records only if the information falls within one of the nine statutory exemptions to the disclosure requirement under 5 U.S.C. § 552(b)." Dobronski v. FCC, 17 F.3d 275, 280 (9th Cir. 1994) (citing Multnomah County Medical Soc'y v. Scott, 825 F.2d 1410, 1413 (9th Cir. 1987)).  Those exemptions are to be "narrowly construed." Rose, 425 U.S. at 382.

"The government has the burden of establishing that one of the exemptions applies." Id.  See also Van Bourg, Allen, Weinberg & Roger on behalf of Carpet, Linoleum, etc., Local 1288 v. NLRB, 728 F.2d 1270, 1274 (9th Cir. 1984) ("An agency may withhold a document, or portions of a document, only if the information contained in the document falls within one of the nine statutory exemptions to the disclosure requirement set forth in § 552(b).  The burden is upon the government agency to establish that a given document is exempt from disclosure.").

>   B.   FOIA's Privacy Exemption.

HUD argues that FOIA's exemption 6, 5 U.S.C. § 552(b)(6), protects the redacted information from disclosure. That section excludes from FOIA's production mandate "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." This exemption is consistent with FOIA's purpose of ensuring government accountability by publicizing "official information that sheds light on an agency's performance of its statutory duties."  U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 773 (citations omitted).  The Court has explained that this purpose "is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct."  Id.

>   1.   The Nature of the Files.

To qualify for exemption 6, as a threshold requirement, the materials in question must be "personnel and medical files and similar files."  "Similar files" is read broadly to include any "[g]overnment records on an individual which can be identified as applying to that individual."  U.S. Dep't of State v. Washington Post, Co., 456 U.S. 595, 602 (1982) (holding the propriety of an agency withholding does not "turn upon the label of the file which contains the damaging information").

6

The Ninth Circuit has explained, "Government records containing information that applies to particular individuals satisfy the threshold test of Exemption 6." Van Bourg, 728 F.2d at 1273 (characterizing a list of the names and home addresses of federal employees as a "similar file" under this exemption).

The files at issue here are analogous to personnel files. The redacted information contains the names and addresses of persons who have lodged RESPA complaints against Prudential and the name of a Prudential agent involved in one of the transactions. The Ninth Circuit has confirmed that, with regard to "similar files" in exemption six, "[l]ists of names and addresses meet this definition." Minnis v. U.S. Dep't of Agriculture, 737 F.2d 784, 788 (9th Cir. 1984).

2.   The Balancing Test.

As the redacted materials meet this threshold requirement, the court must determine if exposure of the information would be a "clearly unwarranted" invasion of privacy. This involves balancing the individuals' privacy claims and the public's interest in disclosure. According to the Ninth Circuit, the statutory requirement of a "clearly unwarranted" invasion of privacy "instructs us to tilt the balance of disclosure interests against privacy interests in favor of disclosure." United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus.,

Local 598 v. Dep't of the Army, Corps of Eng'rs, 841 F.2d 1459, 1464 (9th Cir. 1988) (citations omitted).

        a. <u>Privacy interests at stake</u>.

  HUD asserts that the individuals who provided information regarding RESPA violations have an interest in keeping their identities secret so as to avoid retaliation for their actions.  "The avoidance of harassment is a cognizable privacy interest under Exemption 6." Forest Serv. Employees v. U.S. Forest Serv., 524 F.3d 1021, 1028 (9th Cir. 2008).  "The case law establishes that protection from such unwanted contact facilitated by disclosure of a connection to government operations and investigations is a cognizable privacy interest under Exemptions 6 and 7(c)." Lahr v. National Transp. Safety Bd., 569 F.3d 964, 975-76 (9th Cir. 2009) (exempting info because "[t]he potential for unwanted contact by third parties, including the plaintiff, media entities, and commercial solicitors, nonetheless remains").

  Prudential asserts that its desire to contact the informants is justified in light of their alleged malice in making these reports and their potential for civil liability.  However, Prudential's own plans to use this information are not the sole basis for evaluating the invasion of privacy.  The court must "evaluate both the public benefit and the potential invasion of privacy by looking at the nature of the information requested

and the uses to which it could be put if released to <u>any</u> member of the public." <u>Painting Industry of Hawaii Market Recovery Fund v. Dep't of the Air Force</u>, 26 F.3d 1479, 1488 (9th Cir. 1994) (emphasis in original).

HUD's policy of maintaining informants' anonymity is calculated to avoid precisely this potential for harassment. One of the individuals explicitly requested that his or her identity be kept confidential, presumably with the same goal in mind. While there is no explicit "whistleblower protection," as Prudential points out, it is reasonable to believe that those who report RESPA violations could be subject to retaliation for initiating an investigation.

Nonetheless, "[t]he privacy interests at stake must be more palpable than mere possibilities." <u>Rose</u>, 425 U.S. at 382 (1976). Here, Prudential has demonstrated its desire to contact and possibly sue the authors of the complaints; the individuals certainly have an interest in avoiding such an invasion of privacy.

        b. <u>Public interest in disclosure</u>.

Once the government has identified a cognizable privacy interest, "the only relevant public interest in the FOIA balancing analysis is the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their

government is up to." Bibles v. Or. Natural Desert Ass'n, 519 U.S. 355, 356 (1997) (citations omitted). "[W]hether an invasion of privacy is warranted cannot turn on the purposes for which the request for information is made." Reporters Comm. for Freedom of the Press, 489 U.S. at 771.

The identities of the individuals filing complaints with HUD do not shed any light on the agency's activities. All of the factual allegations in the investigations are available to the public; anyone wishing to challenge the accuracy of the allegations need only attack the factual bases of the complaints. As the Ninth Circuit recently held in a FOIA request for the identities of individuals involved in an agency investigation, "[W]e are not persuaded that direct contact with the [individuals] would produce any information that has not already been revealed to the public." U.S. Forest Serv., 524 F.3d at 1028. The Ninth Circuit applied the same reasoning to the names of FBI agents involved in an investigation when there was "some likelihood that the agents would be subjected to unwanted contact by the media and others . . . who are skeptical of the government's conclusion." Lahr, 569 F.3d at 977.

Here, there is no suggestion that the motives of the individuals involved affected the outcome of the HUD investigation or somehow biased the agency. Admittedly, "[w]hen the reliability of the investigator's information is in doubt, it

10

is difficult to argue that he has a right to be sheltered from public scrutiny." Castaneda v. United States, 757 F.2d 1010, 1012 (9th Cir. 1985) (per curiam).  However, Prudential does not maintain that the investigators themselves are guilty of wrongdoing; even if a complaint is filed maliciously, the agency may evaluate the facts fairly and reach a just conclusion.  The Ninth Circuit recently explained that "the evidence must show some nexus between the specific requested information and unveiling agency misconduct--the public interest advanced here." Lahr, 569 F.3d at 978.  There is no indication that the identity of the informant would reveal any misconduct by HUD.  Nor do the disclosure requirements in FOIA turn on the accuracy of information given by private individuals.

Stronger than any public interest in disclosure of any informant's identity is the public's interest in encouraging the reporting of RESPA violations and in uncovering agency misconduct.  The Supreme Court has upheld the deletion of Haitian refugees' identities from State Department reports because there was no indication that further contact with them "would produce any relevant information that is not set forth in the documents that have already been produced." U.S. Dep't of State v. Ray, 502 U.S. 164, 179 (1991).  In that case, "disclosure of the unredacted interview summaries would publicly identify the interviewees as people who cooperated with a State Department

11

investigation." Id. at 176. The Court discussed the possibility that assurances of anonymity would encourage individuals to comply with the government investigation and that the risk of mistreatment for their participation justified the exemption. There, as here, "[t]here is not a scintilla of evidence, either in the documents themselves or elsewhere in the record, that tends to impugn the integrity of the reports." Id. at 179.

        Prudential asks this court to follow courts that have, pursuant to FOIA, ordered the disclosure of the identity of individuals who have influenced government action. See People for the Am. Way Found. v. Nat'l Park Serv., 503 F. Supp. 2d 284, 307 (D.D.C. 2007) ("Disclosing the mere identity of individuals who voluntarily submitted comments regarding the Lincoln video does not raise the kind of privacy concerns protected by Exemption 6."); Alliance for the Wild Rockies v. Dep't of the Interior, 53 F. Supp. 2d 32, 37-38 (D.D.C. 1999) (ordering disclosure of the identity of individuals who voluntarily submitted written comments in the agency's rulemaking process). Those cases are distinguishable, as they concern political influence in the form of volunteered comments or requests for action. Individuals providing such statements are less likely to be concerned about retaliation than those who allege wrongdoing. Further, even with comments, disclosure has not been routinely granted. See Kidd v. Dep't of Justice, 362 F. Supp. 2d 291, 297

(D.D.C. 2005) ("Providing personal identifying information commonly found in constituent letters [to Congresspersons] does not advance the purpose of FOIA and, as such, may be withheld from FOIA requests"); Voinche v. FBI, 940 F. Supp. 323, 329-30 (D.D.C. 1996) ("There is no reason to believe that the public will obtain a better understanding of the workings of various agencies by learning the identities of . . . private citizens who wrote to government officials.").

V.      CONCLUSION.

Disclosure of the redacted information at issue would be a "clearly unwarranted invasion of personal privacy" and is therefore exempt from disclosure pursuant to 5 U.S.C. § 552(b)(6).  Prudential's motion for summary judgment is accordingly DENIED, and HUD's motion for summary judgment is granted.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 27, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Prudential Locations, LLC v. U.S. Dep't of Housing and Urban Development, Civil No. 09-00128 SOM/KSC; ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S COUNTER MOTION FOR SUMMARY JUDGMENT.